Harold Tessler, J.
The petitioner Harold Sills, as an individual tenant and as Chairman of the Tenants Committee of Garden Bay Manor, Inc., commenced an article 78 (Civ. Prac. Act) proceeding in Queens County to review the determination of the Rent Administrator with regard to an application for a hardship increase in rent. The landlord similarly commenced an article 78 proceeding in New York County to review the same determination. The petitioner Sills brings this motion to consolidate the two proceedings and requests that the consolidated proceeding be heard in Queens County.
The landlord, by order to show cause, moved in New York County requesting (1) the consolidation of the two proceedings and (2) that the venue be changed to New York County. The argument of this motion was heard before Mr. Justice Saypol on March 12, 1962, whereas the present motion was heard by this court on March 13, 1962.
*32 Apparently, there appears to be little or no dispute about the consolidation phase of the matter. The sole question presently before me is whether the article 78 proceeding and the other relief requested in the form of consolidation, etc. should be heard in Queens County or New York County.
The landlord’s article 78 proceeding was commenced in New York County prior to the commencement of petitioner’s proceeding in Queens County. The fact that petitioner’s motion for consolidation was commenced prior to that of the landlord’s is of little moment and persuasion.
In support of his position that the proceeding should be heard in Queens County, the petitioner relies almost completely on -the fact that the property is located in Queens County. To quote from his moving papers: ‘ ‘ that since the property involved is located in Queens County, and both the landlord and the 760 tenants are all residents of Queens County, regularity and conveniences require that it be heard in Queens County, especially since the tenants involved desire that a committee representing them appear in court and be present on the return day of this hearing.” Apart from their being in the courtroom as observers, there is no purpose or usefulness to the tenants’ presence in the courtroom. Hence, the argument advanced is meaningless.
As against this argument, we have the following factors (1) the person whose determination is sought to be reviewed, to wit, the State Rent Administrator, is located in New York County together with Ms books and records pertinent to the instant proceeding, (2) all counsel are located in New York County, (3) the first proceeding was commenced by the landlord in New York County, and last but not least (4) this precise question in a prior proceeding on the same subject matter was decided by Mr. Justice Iryiktg L. Levey when he granted a motion for a change of venue and consolidation and determined that the matter be heard in New York County (Matter of First Garden Bay Manor [Weaver], N. Y. L. J., Feb. 27, 1959, p. 13, col. 5).
All the factors recited above compel the conclusion that the proceeding should be heard in Now York County. Accordingly, that portion of the motion dealing with petitioner’s request for a change of venue to Queens County is denied. The balance of the motion is referred to Mr. Justice Saypol in New York County for such disposition as he may deem appropriate.